IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CQUENTIA SERIES, LLC, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:17-CV-550-A |
| | § | |
| AMERICAN HEALTHWAY, LLC, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the joint motion of plaintiffs, Cquentia Series, LLC ("Cquentia"), and Diagnostic Lab Direct Series, LLC ("DLD"), to remand. The court, having considered the motion, the response of defendants, American Healthway, LLC, and TAC Diagnostics, LLC, the reply, the record, and applicable authorities, finds that the motion should be granted.

I.

### Background

On July 7, 2016, plaintiffs filed their original petition in the 96th Judicial District Court of Tarrant County, Texas. In it, they allege:

DLD provides billing for ancillary services to hospitals and, in early 2016, was assisting a client search for a laboratory services provider. Defendants learned of the search and contacted Cquentia to discuss a possible arrangement with DLD. The parties met twice, but did not reach an agreement.

Cquentia and DLD ultimately entered into an agreement between themselves regarding laboratory services. Defendants demanded a fee for alleged past services and offers and counter-offers were exchanged, but no agreement was reached. Ultimately, defendants demanded a 10% interest in any deal between plaintiffs or, alternatively, a separate services contract for a 5% commission on profits (which plaintiffs say is likely illegal). Doc.[1] 9 at 16-17.

Plaintiffs seek declaratory judgment that no enforceable contract exists between them and defendants. Doc. 9 at 17.

On July 7, 2017, defendants filed their notice of removal, bringing the action before this court. Doc. 1. Defendants said that the notice was filed within thirty days of their receipt of a paper from which it could be ascertained that the case was or had become removable. Defendants alleged that diversity jurisdiction exists and also said that the court has federal question jurisdiction because a federal statute is at issue in parallel litigation in Florida. Doc. 9 at 3.

II.

Grounds of the Motion

Plaintiffs maintain that neither diversity nor federal question jurisdiction exists. In particular, they say that

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

defendants have not established that the amount in controversy exceeds $75,000; defendants have not established that the parties are diverse; and, a federal question is not presented by this action.

III.

Applicable Legal Principles

> Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)(citations omitted). Removal is proper if the action is one over which the federal court possesses subject matter jurisdiction. 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). The court considers the claims in the state court petition as they existed at the time of removal, construing any ambiguities against removal and in favor of remand. Id. (citing Cavallini v. State Farm Mut. Auto. Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995); Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000)).

Generally, a plaintiff is the master of his complaint, Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S.

826, 831 (2002), and the sum sought by the plaintiff in good faith is deemed to be the amount in controversy. 28 U.S.C. § 1446(c)(2). A plaintiff can avoid removal of his case to federal court by suing for less than the jurisdictional amount, even though he would justly be entitled to more. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 294 (1938).

In an action for declaratory relief, the amount in controversy is the value of the right to be protected or the extent of the injury to be prevented. Webb v. Investacorp, Inc., 89 F.3d 252, 256 (5th Cir. 1996); Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983). Thus, in a case like this, where plaintiffs claim that a contract does not exist, the question is how much plaintiffs stand to gain by avoiding liability under the contract. See, e.g., Yor-Wic Constr. Co. v. Engineering Design Techs., Inc., No. 17-0224, 2017 WL 3447808 (W.D. La. Apr. 19, 2017); Franklin Cty. Mem. Hosp. v. Horizon Mental Health Mgmt., Inc., No. 3:06CV423HTW-LRA, 2007 WL 781843 (S.D. Miss. Mar. 13, 2007). In other words, would plaintiffs owe defendants more than $75,000 if defendants owned 10% of the business undertaken between Cquentia and DLD? Or, would the amount in controversy be met if plaintiffs owed defendants a 5% commission on the profits generated by the business between the two plaintiffs? This

determination is to be made by a preponderance of the evidence. 28 U.S.C. § 1446((c)(2)(B).

In addition to showing that the amount in controversy is met, a party removing a case on the basis of diversity jurisdiction must also show that all plaintiffs have different citizenship from all defendants. Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1258 (5th Cir. 1988); Aetna Cas. & Sur. Co. v. Hillman, 796 F.2d 770, 773 (5th Cir. 1986). Citizenship must be distinctly and affirmatively alleged. Getty Oil, 841 F.2d at 1259. Citizenship of a limited liability company is determined by the citizenship of all of its members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008).

Finally, with regard to removal based on federal question jurisdiction, that is to be determined from the face of the plaintiff's pleading. A case like this one (where there is no argument for complete preemption of plaintiffs' claims by federal law) cannot be made removable by any statement in the notice of removal or any subsequent pleadings of the defendant. Avitts v. Amoco Prod. Co., 53 F.3d 690, 693 (5th Cir. 1995).

IV.

Analysis

As previously stated, defendants contend that they filed their notice of removal within thirty days after receiving a

paper from which they could first ascertain that the action was or had become removable. Doc. 9 at 1. They recite a number of facts that initially appear to be irrelevant, but actually cut against the removal. Among them are that: On or about June 30, 2016, defendants filed suit against plaintiffs in Florida state court (the "Florida case"), Doc. 9 at 1, ¶ 2; the present action filed by plaintiffs one week later is parallel litigation to the Florida action and is "a spurious lawsuit that was designed to dislocate the Defendants' [sic] from their chosen forum," id. at 2, ¶¶ 3, 4; and, plaintiffs "have injected the federal anti-kickback statute into the [Florida case]" and "because it was raised in the [Florida case] . . . this court has federal question jurisdiction." Id. at 3-4, ¶¶ 10, 11.

The court recognizes that plaintiffs have not questioned the timeliness of the removal. However, it strikes that court that if this action indeed parallels the Florida case, then defendants have known since its inception the amount in controversy. Further, defendants, as parties to the alleged contract with plaintiffs, would surely have as much knowledge as plaintiffs regarding potential profit. That the notice of removal was filed on the very last day for doing so, one year after the lawsuit had been filed, at a time when a hearing had been set on plaintiffs' motion for summary judgment, Doc. 9 at 239, causes the court to

suspect defendants' motives as well as their representations to the court.

Timeliness notwithstanding, the record does not support the removal of this action. None of the evidence cited by defendants establishes that the amount in controversy exceeds $75,000. Defendants first rely on the testimony of an employee of Cquentia who admitted that he received an email from an employee of DLD that "references that millions of dollars are involved. Doc. 9 at 2, ¶ 6. Defendants cite to Exhibit "B," which the court finally located behind tab 3 of their notice of removal. Doc. 9 at 240. Exhibit "B" contains part of a transcript reflecting that the deponent received an email from a person he did not know and had never spoken to and that the email speaks about "anywhere from a million dollars to hundreds of millions of dollars." Doc. 9 at 242-43. The email is not attached and there is no reason to believe the testimony has any relevance to this action. The notice of removal also refers to Exhibit "C," located behind tab 4 of the notice. Id. at 247. This testimony concerns (among other things) checks written by Cquentia to an unknown payee or payees and the denial by the deponent that a certain payment was in furtherance of an unidentified business agreement. There is no reason to believe that the testimony has any relevance to this action. Defendants cite to Exhibit "D," located behind tab 5 of

the notice, id. at 247, for the proposition that the deponent and his counsel became very obstructive. The cited testimony does not support the existence of diversity jurisdiction. And, lastly, defendants cite to Exhibit "E," located behind tab 6 of the notice, id. at 268, for the proposition that "the business venture had multiple bank accounts." Id. at 3. The only relevant information in that deposition excerpt[2] is that the amount in controversy in this action (assuming this is the Texas litigation referenced) was determined by looking at "an accounting of the universe of revenue created." Doc. 9 at 270. In other words, the accounting showed that revenue pertinent to this case did not exceed $75,000.[3]

With regard to diversity of citizenship, defendants' notice of removal recites only that Cquentia is a Texas limited liability company; DLD is a Delaware limited liability company; defendant TAC Diagnostics, LLC, is a limited liability company (of no specific state); and, defendant American Healthway LLC is a Florida limited liability company. Doc. 9 at 3, ¶¶ 9-12. Defendants do not identify the citizenship of any of the members

---

[2]The court notes that all of the deposition excerpts defendants rely upon are from a deposition taken in the Florida lawsuit. Importantly, that lawsuit concerns Cquentia and a party different from DLD from which defendants here seek recovery of commissions. Doc. 9 at 278-81.

[3]Defendants seek a five percent commission, so it is confusing why defendants attach importance to this amount.

of any of the parties, much less who the members are. They seem to be of the opinion that their speculation about the members and their citizenship is sufficient. And, they complain about Delaware law-that disclosure of membership of limited liability companies is not required-but apparently have made no attempt to discover the information they needed to establish diversity of citizenship.[4]

Finally, defendants have not shown that plaintiffs' claim presents a federal question upon which this court's jurisdiction can be based. Plaintiffs are not asserting a federal question; nor is their claim entirely preempted by federal law.

V.

Order

The court ORDERS that plaintiffs' motion to remand be, and is hereby, granted, and that this action be, and is hereby, remanded to the state court from which it was removed.

SIGNED September 5, 2017.

_____
JOHN McBRYDE
United States District Judge

---

[4]Thus, it does not appear that granting leave to amend would do any good at this point.